1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DOUGLAS B. WATKINS,

11              Plaintiff,                    No. CIV S-06-1895 DAD

12        v.

13   MICHAEL J. ASTRUE,                       ORDER
     Commissioner of Social Security,
14
                Defendant.
15   _____/

16              This matter is before the court on plaintiff's fully briefed motion for attorney fees

17   pursuant to the Equal Access to Justice Act (EAJA).

18              Plaintiff brought this action seeking judicial review of a final administrative

19   decision denying his applications for disability benefits under Titles II and XVI of the Social

20   Security Act.  On March 16, 2009, following the filing of a motion for summary judgment by

21   plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's

22   motion, reversed the decision of the Commissioner and remanded the action for further

23   administrative proceedings.

24              The court's decision was based upon the conclusion that the ALJ had failed to

25   give adequate reasons for rejecting the treating physician's opinions and plaintiff's own

26   statements regarding the severity of his symptoms and limitations.  On remand, the ALJ was

                                              1

1   required to (1) obtain a consultative examination by a physician with particular qualifications, (2)

2   re-determine plaintiff's residual functional capacity, giving proper weight to the treating

3   physician's opinions as well as proper credit to plaintiff's statements regarding the severity of his

4   symptoms, and, if plaintiff is found to have the residual functional capacity to perform other

5   work, (3) hold a new hearing at which the testimony of a vocational expert is taken.  Judgment

6   was entered for plaintiff on March 16, 2009.

7          Plaintiff seeks a fee award of $10,324.65 for 62 hours of attorney time expended

8   in connection with this action.  The amount sought is comprised of $550.29 for 3.4 hours in 2006

9   at the rate of $161.85 per hour; $9,238.53 for 55.5 hours in 2007 at the rate of $166.46 per hour;

10  and $535.83 for 3.1 hours in 2009 at the 2008 rate of $172.24 per hour.  Defendant opposes

11  plaintiff's motion on the ground that the total fee award requested is unreasonable.  In this regard,

12  defendant argues that routine Social Security cases are typically litigated in 40 hours or less.

13         The EAJA provides that "a court shall award to a prevailing party . . . fees and

14  other expenses . . . incurred by that party in any civil action . . . brought by or against the United

15  States . . . unless the court finds that the position of the United States was substantially justified

16  or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also

17  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  A "party" under the EAJA is defined as

18  including "an individual whose net worth did not exceed $2,000,000 at the time the civil action

19  was filed[.]"  28 U.S.C. § 2412(d)(2)(B) (i).  The term "fees and other expenses" includes

20  "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court,

21  in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party

22  'unduly and unreasonably protracted' the final resolution of the case."  Atkins v. Apfel, 154 F.3d

23  986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

24         A party who obtains a remand in a Social Security case is a prevailing party for

25  purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this

26  Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant

1    to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .

2    "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if

3    the denial of her benefits is reversed and remanded regardless of whether disability benefits

4    ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

5             Here, the court finds that plaintiff is the prevailing party, that he did not unduly

6    delay this litigation, and that his net worth did not exceed two million dollars when this action

7    was filed.  The court also finds that the position of the Commissioner was not substantially

8    justified. See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's

9    defense on appeal of an ALJ's procedural error does not automatically require a finding that the

10    government's position was not substantially justified, the defense of basic and fundamental errors

11    such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918,

12    921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not

13    prove that her position had a reasonable basis in either fact or law" and "completely disregarded

14    substantial evidence" of the onset of disability).

15             The EAJA expressly provides for an award of "reasonable" attorney fees.  28

16    U.S.C. § 2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at

17    $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an

18    increase in the cost of living.[1] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140,

19    1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a

20    reasonable fee "'requires more inquiry by a district court than finding the product of reasonable

21    hours times a reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424,

22    434 (1983) (internal citations omitted)).  The district court must consider "'the relationship

23

24       [1]  In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and
Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory

25    maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on
the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff has requested fees at the

26    statutory maximum rates established by the Ninth Circuit.

1   between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley,

2   461 U.S. at 437).

3           Here, plaintiff's counsel secured a remand despite defendant's cross-motion for

4   summary judgment.  Having reviewed the itemization of attorney hours spent on this case, the

5   court finds that the claimed 62 hours of attorney time is reasonable in this case and that the

6   number of hours claimed is comparable to the amount of time devoted to similar tasks by counsel

7   in other social security appeals coming before this court.

8           The court has considered the cases cited by defendant, including two decisions of

9   the undersigned regarding attorney fee motions brought by the same attorney who seeks attorney

10  fees in the present case.  In Sumner v. Astrue, No. 2:06-cv-2883 DAD (E.D. Cal 2009), and Dean

11  v. Astrue, No. 2:07-cv-0529 DAD (E.D. Cal. 2009), the undersigned found that total hours

12  claimed of 45.15 and 41 hours, respectively, were at the upper end of the amount of time devoted

13  to similar tasks by counsel in other Social Security appeals.  However, as plaintiff notes in reply

14  to defendant's opposition, the administrative record in Dean consisted of approximately 350

15  pages and plaintiff's opening brief was approximately 30 pages long.  The administrative record

16  in Sumner consisted of approximately 450 pages and plaintiff's opening brief was approximately

17  33 pages long.  Moreover, in both of those cases, no reply brief was filed because defendant

18  stipulated to remand.  In contrast, the administrative record in the present case consisted of more

19  than 700 pages and plaintiff's opening brief was 55 pages long.  The thoroughness of plaintiff's

20  counsel in citing the record and analyzing the issues was instrumental to plaintiff's success in this

21  action.  Moreover, defendant did not stipulate to remand of this case, and plaintiff filed a reply to

22  defendant's cross-motion.  Thus, Sumner and Dean are not comparable to the present case for

23  purposes of evaluating the reasonableness of the total number of hours spent by plaintiff's

24  counsel on the case.

25          In addition, defendant's argument that this is a "routine" Social  Security case that

26  should have been litigated in 40 hours or less is not persuasive.  The court finds that plaintiff is

1    entitled to an EAJA fee award for the number of hours requested, including the additional hour at

2    the rate of $172.85 requested for time spent drafting a reply to defendant's opposition, bringing

3    the total to $10,497.50.  There are no special circumstances that make such an award unjust

4                Plaintiff's motion includes a request that any EAJA fees awarded be paid directly

5    to his attorney's law office as its own property, in accordance with the parties' agreement.[2]

6    However, subsequent to the briefing of plaintiff's motion for attorney fees, the United States

7    Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is

8    therefore subject to a government offset to satisfy any pre-existing debt owed to the United States

9    by the claimant.  Astrue v. Ratliff, ___ U.S. ___, ___, 130 S. Ct. 2521, 2526-27, 2529 (2010).

10               Subsequent to the decision in Ratliff, some courts have ordered payment of the

11   award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA

12   fees, provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No.

13   CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No.

14   CIV 09-0112 EFB, 2011 WL 976484, at *2-3; Calderon v. Astrue, No. 1:08-cv-01015 GSA,

15   2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-

16   OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in recently submitted

17   stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have

18   stipulated that, if plaintiff does not owe a federal debt, the government will consider the

19   plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the

20   assignment by making the fees and expenses payable directly to counsel.  The court will

21   incorporate such a provision in this order.

22   /////

23   /////

24   _____

25   [2] Plaintiff refers to "Exhibit 3, Retainer and Contingent Fee Agreement."  (Pl.'s Mot. for
     Attorney Fees (Doc. No. 24) at 1 n.1.)  However, although it does not alter the analysis set forth
26   above, plaintiff's motion as filed includes two copies of counsel's itemized hours as Exhibits 2
     and 3, and no copy of the retainer and contingent fee agreement.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. No. 24) is granted;

2.  Plaintiff is awarded $10,497.50 for attorney fees under 28 U.S.C. § 2412(d); and

3.  Defendant shall determine whether plaintiff's EAJA attorneys fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: October 13, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/watkins1895.attyfees.eaja